LOTTINGER, Judge.
This is a suit for property damages resulting from an accident between an automobile and a truck in the Parish of Tangi-pahoa, Louisiana. Petitioner is Audubon Insurance Company and Virgil D. Anderson, the collision insurer and driver, respectively, of the automobile. The defendant is American Universal Insurance Company, the liability insurer of the truck.
The record shows that the accident occurred at approximately 7 o’clock P.M. on the evening of December 11, 1956 on the Range Road, which runs from Hammond to Ponchatoula. The automobile was traveling in a generally southerly direction, while the truck and trailer were traveling in a generally northerly direction. The night was dark and the road was a new blacktopped highway of 24 feet in width. There was no center line marked on said highway. The record shows that the truck and trailer was fully loaded with produce and was going from New Orleans to Hammond. The truck was being driven by Curtis Williams. Upon reaching Ponch-atoula, Williams attempted to put on his headlamps and discovered that they were not in working order. He called his employer, Mr. Cero Deliberto in Hammond about his difficulty, and Mr. Deliberto went to Ponchatoula to investigate the cause of the difficulty. They were unable to repair the headlamps and so they started out for Hammond with the truck following behind the automobile driven by Mr. Deliberto. As they approached a distance of about one mile outside of Ponchatoula, they entered a curve to their left, which curve was not abruptly sharp, however, it was, as one witness very well described it, “a middle-sized curve.”
At the same time petitioner, with his wife and two children, were traveling southerly on the Range Road and noticed the lights of the Deliberto automobile at a distance of about one quarter of a mile. Deliberto and petitioner Anderson dimmed their lights, and the cars successfully passed each other. The truck was proceeding behind the Deliberto automobile at a distance of about 15 feet, with no headlights. Petitioner’s automobile struck the truck in the left rear wheels causing extensive damages to the Anderson automobile as well as the truck. The point of impact as determined by the State Policeman who investigated the accident was at a position of 18 inches on the westerly, or petitioner’s, side of the center line of the highway. Petitioner stated that he did not see the truck or trailer, and that he did not at first know what he had hit.
The record shows that at the time of the accident the Anderson vehicle was traveling at a speed of approximately 45 miles per hour, while the truck and trailer was traveling at a speed in the neighborhood of 20 miles per hour. There is evidence in the record to the effect that the cab lights on the truck as well as the clearance light on the trailer were burning at the time of the accident.
The Lower Court awarded judgment in favor of petitioner in the amount of $1,275 to Audubon Insurance Company and $50 to Mr. Anderson. The amount of damages to petitioner was stipulated by counsel for both parties.
The defendant has taken this appeal.
LSA-Revised Statutes, Title 32, Paragraph 290 provides as follows:
“Every vehicle operated upon a public highway in this State between one-half hour after sunset and one-half hour before sunrise, or at any other time when there is not sufficient light to render clearly discernible any person on the highway for a distance of two hundred feet ahead, shall be equipped with lighted front and rear lamps as required by this chapter for the differ *196 ent classes of vehicles, subject to the conditions as hereinafter described.”
LSA — Revised Statutes, Title 32, Paragraph 232 provides as follows:
“Drivers of vehicles proceeding in opposite directions shall pass each other to the right, each giving the other for at least two hundred feet before meeting, one half of the main travelled portion of the highway.”
The investigating officer testified that his investigation discloses 8 feet of skid marks made by the petitioner’s automobile prior to the point of impact. The skid marks commenced at a point two feet from his extreme right hand edge of the blacktopped portion of the highway, and ended at a point four feet from his extreme right hand edge of the blacktopped portion of the highway. Considering that the skid marks, as made by petitioner’s vehicle, ran diagonally from the right edge of the highway towards the center of the highway, defendant claims that the petitioner’s vehicle cut across the highway into the approaching truck of the defendant. Now at the time these skid marks were made, petitioner was making a curve to his right. It certainly appears to us that while negotiating a right hand turn, and suddenly applying his brakes, the skid marks would not continue around the curve but would tend to go in a straight line. We therefore feel that these skid marks alone certainly do not indicate that the petitioner was negligent.
The investigating officer placed the point of impact at a distance of 18 inches on petitioner’s side of the highway. The left front of petitioner’s automobile struck the left rear dual wheels of the truck. Therefore, at the time of the impact, the left rear dual wheels of the truck must have been 18 inches in its left lane of traffic. We feel it is safe to assume that if the wheels were in such a location, that the extreme rear end of the truck, as well as the 24 foot long trailer, was at least 18 inches across the center line, or probably more.
It therefore appears to us that the truck and trailer insured by the defendant must have been rounding the curve to his left at least partly in its left hand lane of traffic. Upon seeing the automobile driven by petitioner approaching, the driver of the truck and trailer turned to go into his right hand lane, however, he had not completely entered said lane at the time of the impact.
On the other hand, we have petitioner traveling along the highway at approximately 45 miles per hour when he is approached by an automobile driven by Mr. Deliberto. The record discloses that both drivers dimmed their lights and passed each other. Upon passing the Deliberto automobile, petitioner was faced with a large truck and trailer with no lights and which was driven at least partially in its left hand lane. Even considering that the cab lights and clearance lights were on and burning on the truck and trailer, their effect would certainly have been diminished greatly by the headlights on the Deliberto car which was traveling immediately in front of the truck and trailer. The night was dark, as was testified by all witnesses, and we do not think that the petitioner was in any position to notice the truck and trailer until it was too late.
The Lower Court held that the proximate cause of the accident was the negligence of the truck driver in proceeding along the highway with no headlights and across the center line of the highway. We find that there was no error on the part of the Lower Court and its judgment will be affirmed.
For the reasons assigned, the judgment of the Lower Court will be affirmed, all costs to be paid by defendant.
Judgment affirmed.